■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN OSA, Appellant. [611 NYS2d 161] —Judgment, Supreme Court, New York County (Renee A. White, J.), rendered December 16, 1992, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the fifth degree, and sentencing him, as a predicate felon, to a prison term of 1½ to 3 years, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The hearing court properly denied defendant's motion to suppress the drugs recovered from his person and the statements he made to the police. Credibility determinations of a hearing court are to be afforded great weight *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734). Here, the hearing court credited the arresting officer's testimony, noting that he had testified "in a very direct and straightforward manner often looking directly at the Court"; in contrast, the court found defendant's testimony to be "marked by nervousness" and "halting". Moreover, the officer's version of events was plausible. Although defendant did not match the description of the alleged burglars mentioned in the radio run, the officer

had a specific reason for focusing on someone coming out of the building reported to be the site of the crime. As the court noted, "[i]t would not make sense for the officer to have stopped defendant while he was investigating a burglary, if in fact he did not see [the vials of crack falling from defendant's person]". That observation established probable cause to arrest for drug possession *(People v Espada,* 186 AD2d 411, *lv denied* 81 NY2d 788); the ensuing search and seizure of the remaining vials of crack were incident to a lawful arrest.

We have considered defendant's remaining contention and find it to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Asch, JJ.